[No. 2110]

## JOHN FLODIN, RESPONDENT, *v.* VERDI LUMBER COMPANY (A CORPORATION), APPELLANT.

[142 Pac. 531]

1. NEGLIGENCE—DEFECTIVE INSTRUMENTALITY—INJURY TO EMPLOYEE —INDEPENDENT CONTRACTOR.

    In an action for injuries from being struck by lumber thrown from a car by a lurch due to a defect in the track belonging to defendant and used by plaintiff's employer, that plaintiff was in the employ of a person sustaining the relation of an independent contractor to defendant constituted no defense.

2. NEGLIGENCE—ACTIONS—EVIDENCE—ADMISSIBILITY.

    In an employee's action against one to whom the employer sustained the relation of an independent contractor, evidence that the defective track causing plaintiff's injury was used by defendant was not objectionable as leading the jury to believe that such use placed on defendant the duty to keep the track in a safe condition, where defendant was liable for furnishing a defective track for the contractor's use, even though it had not used the track at the same time.

3. NEGLIGENCE—ACTIONS—EVIDENCE—ADMISSIBILITY.

    Where the evidence in an employee's action for injuries showed that the injury resulted from his being struck by lumber thrown from a car due to a defective track, evidence that lumber had slipped from the car because of insecure loading at other times was properly excluded.

4. NEGLIGENCE—DEFECTIVE INSTRUMENTALITY—INJURY TO EMPLOYEE —INDEPENDENT CONTRACTOR.

    Where a lumber company owning a defective railroad track furnishes same to an independent contractor to enable him to to carry out his contract, and the defective condition is, or, in

the exercise of ordinary care, might have been known to the company, and where an employee of the independent contractor is injured, as a proximate result of such defect, while he is in the discharge of his duty and in the exercise of ordinary care for his own safety, the company is liable for such injury.

APPEAL from the Second Judicial District Court, Washoe County; *Cole L. Harwood,* Judge.

Action by John Flodin against the Verdi Lumber Company, a corporation. From judgment for plaintiff, defendant appeals. **Affirmed.**

*Summerfield & Richards,* for Appellant.

*Mack, Green & Heer,* for Respondent.

By the Court, TALBOT, C. J.:

The defendant (appellant) is, and during the year 1910 was, engaged at Verdi in an extensive general business of sawing and manufacturing lumber and forest products. In April of that year one Eric Erickson entered into a written contract to haul the lumber sawed by appellant in its mills at Verdi from its trimmer to its yards, and there to pile the lumber, at the price of 80 cents per thousand feet, without help or assistance furnished by, or other expense to, the appellant. The contract did not mention cars, track, or appliances or provide that the defendant should furnish Erickson with any instrumentalities for moving the lumber. It was taken from the trimmer and loaded in the mill and hauled on the cars and track of appellant to the yard, where it was piled. The track was in place apparently for the purpose of hauling the lumber; and, although it was not mentioned in the written agreement, it may be implied that it was to be furnished by appellant, and that it was to be used by Erickson in moving the lumber for appellant's benefit, instead of a team or other track to be constructed by him.

While plaintiff was in the employment of Erickson and partners, and engaged in driving a horse drawing a car of lumber from the trimmer to the yard, over the track,

and while he was standing on a space about one foot wide at the side of the lumber, and holding the lines with one hand and the brake stick with the other, the car went down on one side, the load of lumber slipped from the car, crushed his right leg, and bruised his back and left arm.

In the complaint it is alleged that plaintiff was otherwise injured, wounded and cut, and became sick, sore, lame, and disordered, and will so remain during the rest of his life, and that he expended the sum of $690 for medical attention, hospital accommodations, and nursing in attempting to cure himself of the injuries. He asked for damages in the sum of $15,000. By the verdict the jury allowed $3,000.

There was testimony that the lumber was 16 feet long, the car about 6 feet in length and 5 feet wide, and that the load of lumber was piled about 5 feet wide and extended over the ends of the car. The plaintiff testified:

"A. I took that car at the mill and pushed it onto that track where the car it is supposed to go, and about three blocks from that mill, where the ties were torn and broken there. I didn't notice it; the rail sank down. I did not have time to get away, and I standing there, and no chance to get away whatever. * * * I hit the spot; I didn't see anything; it was dark. I went down, and I tried to get away. I didn't have time; there was no chance to get away.

"Q. Explain, as you drove along, what occurred to the car and the load of lumber. A. It sunk down to one side, that side I was standing on."

[1] It is claimed that the appellant is not liable because plaintiff was not in the employment of appellant, but was in the exclusive employment of an independent contractor, and that there was an assumption of risk and contributory negligence on his part. We conclude that, under the circumstances indicated, these contentions cannot avail the appellant. The instances in which the owners of property become liable to parties injured who have

no contractual relations are very numerous. Liability for accidents resulting from defective sidewalks or excavations carelessly left open or unguarded are illustrations. If the plaintiff had been a mere trespasser, or had been working for some one using the track who had no business relation with the appellant, different questions would arise. It may assumed that the jury properly concluded that under the conditions and custom there it was intended that the company should furnish the track, and that the use of it by the plaintiff as an employee of Erickson was with the consent and for the business and benefit of the appellant. We regard the case on principle as one coming under the ordinary rule that, where the owner furnishes a defective appliance, he becomes liable for the damages resulting to an employee of the contractor.

[2] This answers the objection of the appellant that the court erred in allowing testimony that appellant used the track when respondent was injured for the purpose of transporting its dry lumber from its yard to its manufacturing mills and to the Southern Pacific tracks. It is said that the jury may have inferred from the fact that the appellant was using its own track during the life of Erickson's contract it became its duty to keep the track in a safe condition for the use of Erickson and his employees. This is immaterial, as the law makes the appellant liable for furnishing a defective track for use in the hauling of its lumber by Erickson.

[3] It appearing that the overturning of the lumber and the injury resulted from the defective track, the testimony regarding the lumber slipping from the car because of insecure loading at other times was properly excluded.

[4] Exception was taken to the giving of the following and other instructions:

"Plaintiff's Instruction No. 1. The jury are instructed that the mere fact alone that the plaintiff was in the employ of one sustaining the relation of an independent

contractor to the defendant is not in itself a defense to the cause of action stated in the complaint.

"Plaintiff's Instruction No. 2.   The jury are instructed that if they find from the evidence that the defendant furnished to the independent contractor an instrumentality, such as the railroad track in this case, for the use of the independent contractor in carrying out the provisions of the contract upon his part, and if they further find from the evidence that such instrumentality so furnished was in a defective and dangerous condition, and if the jury further find from the evidence that the defendant knew, or, by the exercise of ordinary care, might have known, of the existence of such defect or danger, and if the jury further find from the evidence that by reason of such defective or dangerous condition, as the approximate cause, an employee of the independent contractor, while in the discharge of his duty and while exercising ordinary care and caution for his own safety, is injured, then the jury are instructed that the defendant is liable to such employee for the damages caused by such injury."

These instructions state the law.   The court properly refused the instructions requested by appellant, based upon the theory that the appellant was not liable for furnishing an unsafe appliance.   We find no error in the record.

The judgment is affirmed.

ON PETITION FOR REHEARING

*Per Curiam:*

Petition denied.

NORCROSS, J., dissenting.